IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT WILLIAMS, | : | |
| | : | |
| Petitioner, | : | |
| | : | Case No. 5:14-CV-220 |
| v. | : | |
| | : | Proceedings under 28 U.S.C. § 2254 |
| BRIAN OWENS, Commissioner of the | : | |
| Georgia Department of Corrections, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER ON THE RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 12] to deny Petitioner Robert Williams' petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1]. Petitioner filed timely Objections to the Recommendation [Docs. 13, 14]. Thus, pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of the portions of the Recommendation to which Petitioner objects and finds the Objections to be without merit.

In the instant petition, Petitioner seeks federal habeas corpus relief from his 2006 jury conviction in the Superior Court of Bibb County. On March 29, 2005, Petitioner was indicted for malice murder, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. On February 9, 2006, a jury returned a verdict of guilty for malice murder and possession of a firearm during the

commission of a crime.  After denial of his state habeas corpus petition, Petitioner filed the current petition seeking federal habeas corpus relief, alleging four grounds of error arising from the trial and direct appeal of his convictions.  In the Recommendation, the Magistrate Judge recommends denying the relief sought because the grounds raised either fail to state a claim or are procedurally defaulted.

In his Objections, Petitioner disagrees with the Magistrate Judge's conclusion that the state habeas court's denial of Petitioner's ineffective assistance of appellate counsel claim was not (1) contrary to, or an unreasonable application of, federal law, nor (2) an unreasonable determination of the facts in light of the evidence presented.  Specifically, Petitioner contends that appellate counsel was ineffective for: (1) not raising as error trial counsel's failure to argue the trial court did not have venue to hear the case, and (2) failing to appeal the admission of hearsay statements by four witnesses.[1]

Under *Strickland v. Washington*, to prove ineffective assistance of counsel a petitioner must show that (1) counsel's performance was deficient and (2) the deficiency prejudiced the defense.[2]  In applying the *Strickland* test, the federal court must be

---

[1] In his Petition, Petitioner also argues his murder indictment was in fact void, and appellate counsel was ineffective for failing to argue that the murder indictment was deficient.  However, Petitioner does not object to the Magistrate Judge's conclusion regarding his indictment.  The Court agrees with the Magistrate Judge and adopts the Recommendation.  Therefore, relief on the grounds that Petitioner's indictment is void and deficient must be denied.

[2] 466 U.S. 668, 687 (1984).

2

"doubly deferential" to the state court's determination,[3] as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[4] "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold."[5]

*Ground One: Ineffective Assistance of Counsel for failing to argue the trial court did not have venue to hear the case.*

First, Petitioner argues the state habeas court's final order "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented."[6] Petitioner claims venue was not proven at trial, and thus, appellate counsel was ineffective for not raising this on appeal. The Court disagrees.

The Magistrate Judge thoroughly addressed this issue in the Recommendation, finding the record establishes the state habeas court properly applied *Strickland* and correctly determined venue was proven at trial to a standard appropriate under

---

[3] *Banks v. Georgia*, 517 F. App'x 709, 715 (11th Cir. 2013) (quoting *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009)).

[4] *Woods v. Etherton*, __ U.S. __, 136 S.Ct. 1149, 1151 (2016) (internal quotation marks omitted) (quoting *Strickland*, 466 U.S. at 690) ("In such circumstances, federal courts are to afford both the state court and the defense attorney the benefit of the doubt." (internal citations and quotation marks omitted)).

[5] *Knowles*, 556 U.S. at 123 (internal quotation marks omitted); *see also Woods,* 136 S.Ct. at 1151 ("The state court decision must be so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." (internal citations and quotation marks omitted)).

[6] 28 U.S.C. § 2254; Objection to Report & Recommendation, [Doc. 13] at p. 5.

Georgia law. The Court need not restate those findings here. Petitioner has failed to provide "clear and convincing evidence" to contradict the state habeas court's factual determinations. Accordingly, relief on the grounds that venue was not proper and appellate counsel was ineffective must be denied.

*Ground Two: Ineffective Assistance of Counsel for failing to appeal the admission of four witnesses' statements*

Second, Petitioner argues appellate counsel rendered ineffective assistance of counsel by failing to appeal the admission of statements made by four witnesses: Ed Bulloch, Herberta Malone, Derek Fuller, and Hattie Lawson. Petitioner contends the statements were inadmissible hearsay because there was not a sufficient guarantee of trustworthiness as required by the necessity exception to hearsay. Under Georgia law, hearsay evidence is permitted in certain cases due to necessity.[7] "To be admissible under this exception, the party presenting the evidence must prove that the declarant is unavailable to testify at trial, the declarant's out-of-court statement is relevant to a material fact and more probative on that fact than other available evidence, and the statement shows particular guarantees of the trustworthiness."[8] Regarding the trustworthiness determination, the Georgia Supreme Court stated "a trial court should view the proffered hearsay within the totality of the circumstances of its origin, and, because the '[f]actors that speak to the reliability of [hearsay] statements will vary

---

[7] *See Yancey v. State*, 275 Ga. 550, 553 (2002).
[8] *Id.* at 553 (citing *Chapel v. State*, 270 Ga. 151, 155 (1998)).

depending on the nature of the statements,' the determination of trustworthiness is inescapably subjective."[9]  The trial court exercises its discretion in resolving the issue of reliability and trustworthiness.[10]

According to Petitioner, appellate counsel did not know the standard of admissibility for non-testimonial hearsay and had no strategy when failing to raise the issue on appeal; therefore, appellate counsel's performance was deficient.  The state habeas court, appyling *Strickland*, held appellate counsel's performance was not deficient, and Petitioner was not prejudiced on direct appeal.  Petitioner now points to several cases to show the trustworthiness prong was not satisfied and the statements were inadmissible.[11]  However, even assuming the witnesses' statements were inadmissible, and appellate counsel's performance was deficient, the Court finds Petitioner did not suffer any prejudice from appellate counsel's actions.[12]

To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceedings would have been different.[13]  Here, Petitioner contends the witnesses were used primarily to show Petitioner's motive.  Specifically, Petitioner and the victim had a disagreement

---

[9] *Gissendaner v. State*, 272 Ga. 704, 710-711 (2000) (quoting *Chapel*, 270 Ga. 155).
[10] *McCulley v. State*, 273 Ga. 40, 41-42 (2000).
[11] *See Phillips v. State*, 275 Ga. 595 (2002); *Slakman v. State*, 272 Ga. 662 (2000); *Azizi v. State*, 270 Ga. 709 (1999).
[12] *See Holiday v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong.")
[13] *Strickland*, 466 U.S. at 697.

around the time of the victim's death, and Petitioner was likely the last person with the victim. Thus, Petitioner argues without these witnesses there is a reasonable probability Petitioner's "appeal would have been granted as the hearsay testimony was highly prejudicial."[14] The Court disagrees.

Here, the witnesses' statements were not the only evidence offered by the State to help show the Petitioner's whereabouts and possible motive. Two other witnesses, Jimmy Lee White and Petitioner's former wife, both gave similar testimony supporting the State's case.[15] Indeed, their testimony regarded direct conversations with Petitioner rather than the victim. Thus, even absent the four witnesses' statements, the Court finds fair minded jurists could have determined Petitioner was guilty based on the other evidence presented. The Court cannot conclude Petitioner was prejudiced by appellate counsel's failure to appeal the admission of these four witnesses, and relief on these grounds must be denied.

Accordingly, the Recommendation [Doc. 12] is **ADOPTED** and **MADE THE ORDER OF THE COURT**. The petition is **DENIED**. Additionally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

---

[14] Objection to Report & Recommendation, [Doc. 13] at p. 13.

[15] White testified he witnessed Petitioner and the victim arguing and saw them traveling back to Macon together the day of the victim's death. Petitioner's former wife testified Petitioner told her: (1) not to speak to police on the night of the victim's death; (2) the victim had been in Macon; and (3) he could not be charged with the victim's murder if no murder weapon was found. [Doc. 12] at p. 4-5.

**SO ORDERED,** this 23rd day of May, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT
